Citation Nr: 1237393 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 07-22 609 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California



THE ISSUE

Entitlement to service connection for a low back disability. 



REPRESENTATION

Appellant represented by: The American Legion



ATTORNEY FOR THE BOARD

A. Haddock, Associate Counsel




INTRODUCTION

The appellant is a Veteran who served on active duty from March 1943 to November 1945. This matter is before the Board on appeal from a November 2005 rating decision of the Oakland, California Department of Veterans Affairs (VA) Regional Office (RO). In September 2011 and February 2012, the case was remanded for additional development.

Also as an initial matter, the Board notes that it has reviewed not only the Veteran's physical claims file, but also the "Virtual VA" system. A review of the documents in Virtual VA found that they are either duplicates of evidence in the paper claims file or are not relevant to the issue on appeal.

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2011). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDING OF FACT

A chronic low back disability was not manifested in service; arthritis of the low back was not manifested in the first postservice year; and the preponderance of the evidence is against a finding that the Veteran's current low back disability is related to an event or injury in service.


CONCLUSION OF LAW

Service connection for a low back disability is not warranted. 38 U.S.C.A. §§ 1110, 1112, 1113, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2011).





REASONS AND BASES FOR FINDING AND CONCLUSION

A. Veterans Claims Assistance Act of 2000

The VCAA, in part, describes VA's duties to notify and assist claimants in substantiating a claim for VA benefits. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). The VCAA applies to the instant claim. Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his representative of any information, and any medical or lay evidence, not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). VCAA notice requirements apply to all five elements of a service connection claim: 1) veteran status; 2) existence of a disability; 3) a connection between the Veteran's service and the disability; 4) degree of disability; and 5) effective date of the disability. Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 484-86 (2006), aff'd, 483 F.3d 1311 (Fed. Cir. 2007). VCAA notice should be provided to a claimant before the initial unfavorable agency of original jurisdiction decision on a claim. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

The Veteran was advised of VA's duties to notify and assist in the development of his claim prior to its initial adjudication. March 2005 and January 2008 letters explained the evidence necessary to substantiate his claim, the evidence VA was responsible for providing, and the evidence he was responsible for providing. This letter also informed him of disability rating and effective date criteria. He has had ample opportunity to respond/supplement the record, and has not alleged that notice in this case was less than adequate.

The Veteran's service treatment records (STRs) and pertinent postservice treatment records have been secured. In accordance with the September 2011 Board remand, the RO arranged for a VA examination in November 2011. In February 2012 the Board remanded the case for an addendum opinion; as will be discussed in greater detail below, the addendum opinion is adequate. See Barr v. Nicholson, 21 Vet. App. 303 (2007) (VA must provide an examination that is adequate for rating purposes). The Board finds that the record as it stands includes adequate competent evidence to allow the Board to decide this matter, and that no further development of the evidentiary record is necessary. See generally 38 C.F.R. § 3.159(c)(4). The Veteran has not identified any pertinent evidence that remains outstanding. VA's duty to assist is met. Accordingly, the Board will address the merits of the claim.

B. Legal Criteria, Factual Background, and Analysis

Service connection may be granted for a disability resulting from a disease or injury that was incurred in or aggravated by active service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d). 

Certain chronic diseases (to include arthritis) may be service-connected on a presumptive basis if manifested to a compensable degree in a specified period of time postservice (one year for arthritis). 38 U.S.C.A. §§ 1112, 1113; 38 C.F.R. §§ 3.307, 3.309. 

In order to establish service connection for a claimed disability, there must be medical, or in certain circumstances lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the current disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Hickson v. West, 12 Vet. App. 247, 253 (1999). The determination as to whether these requirements are met is based on an analysis of all the evidence of record and an evaluation of its credibility and probative value. 38 C.F.R. § 3.303(a); Baldwin v. West, 13 Vet. App. 1 (1999). 

A disease may be service connected if shown to be of a chronic nature in service, or if not chronic, then seen in service with continuity of symptomatology demonstrated after discharge. 38 C.F.R. § 3.303(b); Savage v. Gober, 10 Vet. App. 488, 494-97 (1997). Disorders diagnosed after discharge may still be service connected if all the evidence, including pertinent service records, establishes that the disorder was incurred in service. 38 C.F.R. § 3.303(d); Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994). 

When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. When all of the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the veteran prevailing in either event, or whether a fair preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990).

The Veteran contends that he suffers from a low back disability that was caused by his active service. The Veteran's STRs are silent for any complaints, findings, treatment, or diagnosis related to his back . On November 1945 separation examination, the Veteran was found to have no musculoskeletal defects. 

In his November 2004 claim for service connection and in an April 2005 statement in support of his claim, the Veteran reported that in 1944, while on active service, he was a crew member in the cargo section of an aircraft and that during the landing the aircraft came to a sudden stop which caused cargo to fall onto his back. He stated that he had some back pain on the flight returning to his unit. He did not recall whether or not he reported the accident or the back pain to his company clerk. He has stated that he reported the accident on service separation examination in November 1945, but was told that a physical examination would delay his separation, and so did not pursue the matter. 

Postservice treatment records include January 2005 private treatment records that show the Veteran complained of low back pain. Spinal stenosis and lumbar spine facet arthritis were diagnosed. 

February 2006 private treatment records describe evaluations and treatment the Veteran received for back complaints since 2004. He asked the provider whether [his reported] accident in 1944 could have initiated or exacerbated his current low back disability, and the provider responded that it was possible; however, that opinion was not accompanied by an explanation of rationale. 

Lay statements from friends of the Veteran received in May 2011 report that he has had chronic back pain since 1988.

On November 2011 VA examination the Veteran reported that in 1944 he was involved in an airplane accident resulting in cargo being displaced and hitting him in the back. He reported that he did not have any problems at the time of the accident, and that he was put on limited duty sometime after the accident (but could not remember why). He was separated from service in 1945, received an architect's license in 1959 or 1960, and had intermittent low back pain during his years as an architect. The low back pain began worsening in 1984. He described past treatment including physical therapy, epidural steroid injections, and 2009 L4 laminectomy and L4-5 fusion. He reported that he currently used pain patches and vicodine, which did a good job lessening pain. He reported minimal right leg pain, unless he walked for a prolonged period of time. 

The examiner reviewed a 2005 x-ray of the Veteran's lumbar spine which showed degenerative disc disease (DDD) at every lumbar level and moderate scoliosis. A 2008 lumbar spine MRI showed central spinal stenosis at L4-5 and L5-S1. A 2009 electromyogram(EMG)/nerve conduction study (NCS) found generalized polyneuropathy in the lower limbs and a mild L5-S1 lumbar radiculopathy of the right lower limb. The diagnoses were lumbar spine scoliosis, lumbar DDD in multiple levels, facet joint arthropathy L4-5 and L5-S1, and spinal stenosis in L4-5. The examiner stated that she could not determine, which, if any, of the diagnosed low back disabilities were due to the 1944 plane accident reported by the Veteran. 

In accordance with a February 2012 Board remand the November 2011 examiner provided an addendum opinion in May 2012. After review of the claims file, and based on the interview of the Veteran at the November 2011 examination, during which he reported that he did not have pain for 16 years after the accident, the examiner opined that the Veteran's current low back disabilities were not related to his active service, to include the 1944 accident therein. The examiner explained that if the 1944 accident had caused the Veteran's low back disabilities, he would have had pain in his low back shortly, if not immediately, after the accident. She further explained that the Veteran's facet joint arthropathy and his spinal stenosis were degenerative changes, and as such were unlikely related to the accident. 

It is not in dispute that the Veteran now has a low back disability, as such is shown by the medical evidence of record. Furthermore, the Board finds no reason to dispute the credibility of the Veteran's accounts of an airplane accident in service. What he must still show to establish service connection for a low back disability is that such disability is related to his service, to include the plane accident therein.

The Veteran's STRs are silent for any complaints, treatment, findings, or diagnoses related to a low back disability. Although he has reported that he had back pain following his reported accident in service, there is no evidence to suggest that the back pain did not resolve, but persisted. Furthermore, there is no credible evidence of continuity (since service) of low back complaints. There is no evidence that indicates the Veteran sought postservice treatment for his low back pain prior to May 2004 (nearly 59 years following his separation from active service). The Board acknowledges that there are lay statements of record indicating that the Veteran had low back pain since 1988; however, 1988 is 43 years after the Veteran's separation from active service, and such statements do not provide support for the proposition that there was continuity of back symptoms since service. Notably on November 2011 VA examination the Veteran reported that he had no pain after the plane accident in service, and did not have pain until nearly 16 years later, when he began his career as an architect. To the extent that the Veteran may be seeking to establish service connection by his reports of postservice continuity of low back pain symptoms by his recent unsupported accounts, the Board finds that they are not credible. That is so because they are self-serving (See Pond v. West, 12 Vet. App. 341, 345 (1999)) and also because they are inconsistent with his earlier accounts to the contrary (which were given in a clinical setting, and are thus more probative).

Accordingly, service connection for a low back disability on the basis that such disability became manifest in service, and persisted, is not warranted. As there is no evidence that arthritis of the low back was manifest in the first postservice year, there is also no basis for considering (and applying) the 38 U.S.C.A. § 1112 chronic disease presumptions. 38 C.F.R. § 3.309(a).

What remains for consideration is whether the Veteran's low back disability may otherwise be related to his service. Whether a disability such as the Veteran's current lumbar spine scoliosis, lumbar DDD, facet joint arthropathy, and spinal stenosis is or is not related to remote etiological factors/injury in service in the absence of continuity of symptoms is a medical question, beyond the capability of lay observation. See Jandreau, 492 F.3d 1372, 1374, 1377.

The only competent (medical) evidence in the record that addresses the matter of a nexus between the Veteran's current low back disability and his service is the May 2012 addendum opinion by the November 2011 VA examiner, who opined that the Veteran's low back disability is unrelated to his service, to include the plane accident therein. As the examiner (a physician trained in physical medicine and rehabilitation) expressed familiarity with the record, and provided explanations of rationale for her opinion (observing that if the Veteran's disability had been caused by the 1944 plane accident, he would have had pain shortly, if not immediately, thereafter), her opinion is probative evidence in this matter. Because there is no competent evidence to the contrary, the opinion is persuasive. The Board notes that in February 2006, the Veteran's private doctor reported that it was possible his low back disability was related to the plane accident in service. However, the Board finds that this conclusion is stated in speculative terms, and because it does not include an explanation of rationale which can be weighed against the opinion to the contrary, it is not probative evidence of the etiological connection that must be shown to establish entitlement to the benefit sought. 

The Veteran's own lay statements relating his low back disability to a plane accident in service are not competent evidence. He does not cite to any supporting medical opinion or treatise evidence. Although he has provided statements that he had pain in his back immediately following the plane accident, he reported at his November 2011 VA examination that he did not have pain after the accident, or for nearly 16 years thereafter. The Board does not question that the Veteran sincerely believes that his current low back disability is related to the plane accident in service; however, the competent medical evidence or record shows that his belief is unfounded. 

In light of the foregoing, the Board finds that the preponderance of the evidence is against a finding that the Veteran's low back disability is related to his service, to include the plane accident therein, and therefore is against his claim. Accordingly, the benefit of the doubt rule does not apply; the appeal in this matter must be denied. 


ORDER

Service connection for a low back disability is denied. 


____________________________________________
George R. Senyk
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs